IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02605-EWN-OES

EDWIN MARK ACKERMAN,

Plaintiff,

vs.

LT. RITTER,
LT. STEINBECK,
LT. MOLLY MARTINEZ, and
SGT. GREBANZ,

Defendants.

---

RECOMMENDATION FOR DISMISSAL and
ORDER ON PENDING MOTIONS

---

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

This matter is before me on the State Defendants' Motion to Dismiss. Also pending are defendants' request for an extension of time to file this dispositive motion, and various motions by the plaintiff concerning the status of this case. This lawsuit has been referred to me under a General Order of Reference, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and D.C.COLO.LCivR 72.1, to provide a recommendation on any dispositive motions and for ruling on any nondispositive motions.

The parties' rights to seek review or reconsideration of the Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement

Under Fed. R. Civ. P. 72." As set forth below, I recommend that defendants' motion be granted, in part, and that this action be dismissed, without prejudice, based upon plaintiff's failure to exhaust his administrative remedies. Further, I have determined that cause exists for the extension requested by the defendants for filing their Motion To Dismiss, and based upon the Recommendation herein, deem the plaintiff's requests concerning the status of this matter to be moot.

## BACKGROUND

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his First Amendment rights have been violated and he has been discriminated against and harassed mentally and physically by defendants. Plaintiff also asserts that in retaliation for writing a book, he was falsely charged and convicted of bartering, was removed from his position at the prison law library, and has been continuously moved from facility to facility. Plaintiff seeks monetary damages.

Defendants have challenged the plaintiff's claims in their Motion To Dismiss. Defendants argue that the plaintiff has failed to state a claim upon which relief can be granted and has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Plaintiff strenuously resists the defendants' motion.

## DISCUSSION

**I.    Standard of Review.**

Because the defendants filed their Answer prior to the filing of their current motion, the motion is appropriately considered as a motion requesting judgment on the

pleadings under Fed.R.Civ.P. 12(c).  See FED.R.CIV.P. 12(h)(2); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003).  A Rule 12(c) motion for judgment on the pleadings is treated as a motion to dismiss under Rule 12(b)(6).  See Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992).  A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *(overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not

be the *pro se* litigant's advocate. Hall, 935 F.2d at 1110.  A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting* Hall, 935 F.2d at 1110 (additional quotation marks omitted)).

**II.     Failure to Exhaust Administrative Remedies.**

The plaintiff's Complaint is governed by the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).

Exhaustion is a pleading requirement, rather than an affirmative defense. See Steele, 355 F.3d at 1210.  In his Complaint, plaintiff indicated that he had exhausted his available administrative remedies. COMPLAINT, Docket #3, p. 7.  However, he failed to attach copies or describe with specificity how he had exhausted his administrative remedies.  He was directed to show cause why he had not made such a demonstration, or face dismissal of his Complaint. See ORDER TO SHOW CAUSE, Docket #5.  Plaintiff responded that he tried to go through the administrative process, but that he was ignored and other impediments put in his way. See ANSWER TO ORDER TO SHOW CAUSE, Docket #8. In response to the defendants' current motion, however, the plaintiff indicates that "he had wrongfully assumed that the [Code of Prison Discipline] conviction and appeal were the administrative procedures" he needed to exhaust, and

that "on the further review of the procedures the plaintiff surmissed [sic] that he was incorrect."  PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, Docket #36, p. 3.

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life."  Porter v. Nussle, 534 U.S. 516, 524, 532 (2002); see, also, Booth v. Churner, 532 U.S. 731 (2001).  "Resort to a prison grievance process must precede resort to a court."  Porter, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action.  Booth, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").  Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required.  See Steele, 355 F.3d at 1214.  Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective.  Booth, 532 U.S. at 740.

Here, plaintiff admits he has not attempted to utilize the prison grievance system prior to the filing of this lawsuit, and even if he was mistaken in the assumption that the COPD conviction and appeal were the administrative procedures he needed to exhaust in this regard, his failure to utilize the administrative remedy system cannot be excused. Plaintiff attempts to argue that the court improperly denied him a continuance to pursue his grievances after his mistake became apparent, citing to a version of 42 U.S.C. §

1997e which has not been in effect since the enactment of the PLRA. The law in this regard is clear. Plaintiff must have met the exhaustion requirements at the time of filing and cannot cure a failure to exhaust by pursuing administrative remedies while the action is pending. See 42 U.S.C. § 1997e(a); Booth, 532 U.S. at 741; Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1140-41 (10th Cir. 2005); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-23 (2nd Cir. 2001), *overruled on other grounds by* Porter v. Nussle, 534 U.S. 516 (2002); see, also, Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002); Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003) (inmate must exhaust administrative remedies before filing suit in federal court). Plaintiff failed to do so, and dismissal of his lawsuit is therefore appropriate.

This court, however, must take into consideration any allegations that the prison frustrated or prevented an inmate from utilizing the grievance procedure. See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (holding district court erred in failing to consider prisoner's claim that he was unable to file a grievance, and therefore lacked available administrative remedies, because prison officials refused to provide him with the necessary grievance forms); see, also, Yousef v. Reno, 254 F.3d 1214, 1222 (10th Cir. 2001). While the plaintiff has made conclusory statements that his attempts to utilize the grievance system were "ignored" or that other impediments have been placed in his way, he provides no well-pled facts or facts from which it can be inferred on which to base the allegations. Documentation supplied by the plaintiff indicates that he submitted a Step 1 Grievance on May 17, 2005, but that it was returned to him

because he failed to follow the proper procedure in submitting it.  See PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, Docket #36, attch'd Inmate Mail Tracker and CDOC Offender Grievance Form.

An inmate may not be excused from the exhaustion requirement when he failed to follow procedures for exhausting his administrative remedies.  See Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999); see, also, Brewer v. Mullin, 2005 WL 958495 (10th Cir. 2005) (inmate cannot skip steps in prison grievance procedure when seeking exhaustion of administrative remedies).  Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default."  Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002).  If plaintiff should now attempt to rectify his failure to exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely.

The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted.  Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ."  Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004).  As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy

goals. Id.

Accordingly, plaintiff has clearly not exhausted his administrative remedies with regard to the claims of constitutional violation alleged in his Complaint. Additionally, on the facts alleged, allowing the plaintiff an opportunity to amend his pleading in this regard would be futile. In Ross, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d at 1190. Plaintiff has not administratively exhausted his claims against defendants which he brings in this lawsuit. Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by Ross is warranted.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that the State Defendants' Motion To Dismiss [Filed June 8, 2005; Dockets #32] be **GRANTED**, in part, and this lawsuit be dismissed, without prejudice, in its entirety based upon plaintiff's failure to exhaust his administrative remedies. It is further **RECOMMENDED** that the remaining arguments of the defendants for dismissal be **DEEMED MOOT**.

Finally, it is **ORDERED** that defendants' request for extension of time to file their Motion To Dismiss [Filed June 6, 2005; Docket #30] be **GRANTED** *nunc pro tunc.* It is also **ORDERED** that plaintiff's Motion For Status [Filed August 18, 2005; Docket #39], Motion For Status [Filed September 19, 2005; Docket #41], Motion To Clarify [Filed

8

September 30, 2005; Docket #43], and Motion For Ruling On Complaint [Filed November 14, 2005; Docket #45] are **DENIED** as **MOOT**.

Dated at Denver, Colorado, this 29th day of December, 2005.

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).